**TREEHOUSE LAW, LLP**
Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com
jnassir@treehouselaw.com
rglezakos@treehouselaw.com

*Attorneys for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sharon James, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Chocmod USA Inc. and OverSeas Food Trading Ltd.,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sharon James ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this Class Action Complaint against Chocmod USA Inc. and OverSeas Food Trading Ltd. ("Defendants"), based upon personal knowledge as to herself, and upon information, investigation and belief of her counsel.

**INTRODUCTION**

1. This class action seeks to challenge Defendants' false and deceptive practices in the marketing, distribution, and sale of their Truffettes de France Truffles product in the U.S. (the "Product").

2. Specifically, the front label of the Product includes the conspicuous representation "Truffettes de France," a French phrase literally translating to "Truffles from France." This is an unequivocal representation that the chocolate truffles are made in and imported from France.

3. Unbeknownst to consumers however, the Product is not made in or imported from France.

4. Plaintiff and other consumers purchased the Product and paid a premium price based upon their reliance on Defendants' front label "Truffettes de France" representation. Had Plaintiff and other consumers been aware that the Product was not made in France, they would not have purchased the Product or would have paid significantly less for it. Accordingly, Plaintiff and Class members have been injured by Defendants' deceptive business practices.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendants are citizens of a state different from at least some members of the proposed Classes, including Plaintiff.

6. This Court has personal jurisdiction over Defendants because Defendants have sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through its sale of the goods and products in California and to California consumers.

CLASS ACTION COMPLAINT

7. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in this District and she purchased the Product in this District.

## PLAINTIFF

8. Plaintiff is a citizen of California and currently resides in Merced, California. In 2022, Plaintiff purchased the Product from a retailer in Merced, California. Based on the claim "Truffettes de France" on the front label of the Product (see paragraph 17), Plaintiff reasonably believed that the Product was made in France. Had she known that the Product was not made in France, she would not have purchased it, or would have paid significantly less for it. As such, Plaintiff has been injured as a direct result of Defendants' conduct.

9. Despite Defendants' misrepresentations, Plaintiff would purchase the Product, as advertised, if it was actually made in France. Absent an injunction of Defendants' deceptive advertising, she will be unable to rely with confidence on Defendants' advertising of the Product in the future. Furthermore, while Plaintiff currently believes the Product's labeling is inaccurate, she lacks personal knowledge as to Defendants' specific business practices, and thus, she will not be able determine whether the Product is actually made in France. This leaves doubt in her mind as to the possibility that at some point in the future the Product could be made in accordance with the representations on the Product's front label. This uncertainty, coupled with her desire to purchase the Product, is an ongoing injury that can and would be rectified by an injunction enjoining Defendants from making the alleged misleading representations. In addition, other Class members will continue to purchase the Product, reasonably but incorrectly believing that it is made in France.

## DEFENDANTS

10. Defendant Chocmod USA Inc. is a corporation with its principal place of business in Fort Lee, New Jersey. Defendant Chocmod USA Inc. is responsible for the formulation, manufacturing, labeling, advertising, distribution and sale of the Product nationwide, including in this District.

11. Defendant OverSeas Food Trading Ltd. is a corporation with its principal place of business in Fort Lee, New Jersey. Defendant OverSeas Food Trading Ltd. is responsible for the import, distribution, and sale of the Product nationwide, including in this District.

## FACTUAL ALLEGATIONS

12. France is perhaps best known for its mastery and innovation in its cuisine, including its pastries and sweets.

13. Indeed, chocolate truffles originated from Chambéry, in Savoie, France, where they were invented by pastry chef Louis Dufour in 1895.

14. Since their invention in France, chocolate truffles have been considered a delicacy associated not only with France, but also with luxury.

15. To capitalize on consumer demand for authentic French truffles made in France, Defendants market and sell chocolate truffles under the name "Truffettes de France" in the U.S. market (the "Product").

16. Unfortunately for consumers, Defendants engage in false and misleading labeling to boost sales for the Product, all at the expense of unsuspecting consumers.

17. Specifically, the front label of the Product states "Truffettes de France," a French phrase literally translating to "Truffles from France." Immediately above that is the phrase "Depuis 1948," translating to "Since 1948." *See below*.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





18. The "Truffettes de France" representation is an unequivocal promise that the Product contains truffles that are "from France." The remaining French words – i.e., "Depuis 1948" – reinforce the representation that the Product is made in France. As such, reasonable consumers purchasing the Product expect that the Product is made in France.

19. Unbeknownst to consumers, the Product is not made in France. While some of Chocmod's other chocolate products are made in France, the Product challenged here is manufactured in and imported from Canada.

20. As such, the labeling of the Product is false and deceptive.

21. The reasonable belief that the Product contains chocolate truffles made in France is material to consumers' purchasing decisions due to the history and tradition behind French-made truffles. Indeed, numerous customers have taken to the Product's Amazon.com pages to complain about being deceived by the Product's origin:[1]

★☆☆☆☆ **False Advertising- NOT a product of France**
By Amazon Customer on November 20, 2015
One would suspect since the name of the product is de France, that they were made in France. I buy a lot of French Truffles and when I ate the first one I knew immediately that it was not any truffle made in France I had ever eaten and in fact on the side of the package it says product of Canada- Pretty bad false advertising if you ask me see less

★☆☆☆☆ **Misleading title, made in Canada, NOT France**
By Average Joe Squared on October 24, 2012
After having had truffles that were made in and from France, we ordered these believing they would be similar. They were not. The label is deceptive at worst, misleading at best. see less

★★☆☆☆ **So-so quality and definitely not from France**
By Judy on January 8, 2021
I bought these at a big box store in November. I was disappointed to see, despite the name, they are not from France, they are from Canada. The flavor is ok but not intense chocolate, and with a slighly charred note; the texture is slightly grainy and not the smooth melt -in-your-mouth you expect unless you count the rush of oil. In a side-by-side test, the Belgian Cocoa Dusted Truffles from Aldi win hands down. From now on I will stick to Belgian truffles. see less

---

[1] https://www.amazon.com/Chocmod-Truffettes-France-Natural-Truffles/dp/B0008IT4OM/ref=sr_1_1?keywords=truffettes%2Bde%2Bfrance&qid=1667858188&sprefix=truffette%2Caps%2C144&sr=8-1&th=1

★☆☆☆☆ **Not chocolate, not truffles and not from France!**
By Jim S. Royer on December 18, 2015
I am very disappointed by these "truffles " that are supposedly "de France." They are little globs of sweetened saturated palm oil fat, covered with cocoa powder. They taste a little disgusting. They are made in Canada. I should have suspected that they weren't chocolate truffles at the price they are being sold. But if you like fat coated with cocoa powder, you'll love these! Unhealthy and unappetizing - a great snack! (Likely made from palm oil from palm plantations where Orangatan habitat has been destroyed.) The fact that some people like them says a lot about the food we eat in the USA. If you want some real chocolate, go to Trader Joes or your local chocolatier. This is most definitely not! see less

★☆☆☆☆ **Fake chocolate, not from France**
By Jeanne Sohn on April 12, 2018
Very disappointed with these "chocolates". I should have read the ingredients before purchasing. The main ingredient is "vegetable oil (palm kernel, palm)", then sugar, then cocoa powder. No chocolate, no cocoa butter. It is also a Canadian product, not French as implied in the name. The texture is grainy and feels like a chunk of fat. Will be discarding. see less

★☆☆☆☆ **Honesty is important too.**
By R.G. Pennsylvania on February 3, 2018
Made in Canada NOT France. Is that deceptive advertising or what? So, why isn't the name "Truffettes de Canada"? Ok candy, but expensive. Give it a 1 star due to the sleezy deceptive name. see less

★☆☆☆☆ **Don't bother, first ingredient: vegetable oil**
By travis on March 5, 2019
Awful, awful, awful. The first ingredient is vegetable oil. It looks like fancy European chocolate, but tastes like candle wax mixed with hershey's syrup. Wish I had known when I bought it that it's actually made in Canada, not France. Also, I'm not sure how they differ, but I ordered from the seller showing the gold-colored box and I was sent the dark-blue one. see less

★☆☆☆☆ **Wretched little things**
By gimmedball on April 5, 2016
I totally agree with the 75 other people who give these "truffles" 1 star only. Frankly, I'd give it no stars - or, better yet, 5 negative stars. These were given to us as a gift, so at least I'm glad I didn't actually shell out any money for this stuff. These dark brown powdery clumps are easily the worst-tasting confection I've ever had the displeasure of putting in my mouth. As soon as I bit into my first one, I immediately spit out what was in my mouth before I even chewed it. My body literally rejected it. These have absolutely no decent chocolate taste whatsoever, which is ridiculous for a chocolate truffle. Also, the packaging is highly misleading. Truffettes "de France" that are a "product of Canada"? Also, the box says "Everyone will love their rich taste and intense flavors." Well, just take a gander at all the taste complaints in the 75 one-star ratings to disprove what the box says. All 2.2 lbs of these went straight into the wastebasket. see less

22. As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Product, Defendants knew or should have known that the Product is falsely and deceptively advertised as French-made truffles. Moreover, Defendants knew or should have known that Plaintiff and other consumers, in purchasing the Product, would rely on Defendants' front label representations and be deceived. This is evidenced in part by the numerous customer complaints made directly to Defendants on the Chocmod Amazon.com pages

for the Product (see above complaints). Nonetheless, Defendants deceptively advertise the Product in order to capitalize on demand for authentic French-made sweets and gain an unfair advantage in the market.

23. Consumers are willing to pay more for the Product based on the belief that the Product is made in France, as promised on the front label. Plaintiff and other consumers would have paid significantly less for the Product, or would not have purchased it at all, had they known that the truth about it. Thus, through the use of misleading representations, Defendants command a price that Plaintiff and the Classes would not have paid had they been fully informed.

24. Therefore, Plaintiff and other consumers purchasing the Product have suffered injury in fact and lost money as a result of Defendants' false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**
All residents of the U.S. who purchased the Product within the applicable statute of limitation ("Nationwide Class").

**California Class**
All residents of California who purchased the Product within the applicable statute of limitation ("California Class").

**California Consumer Subclass**

All residents of California who purchased the Product for personal, family, or household purposes, within the applicable statute of limitations period ("California Consumer Subclass") (together with the Nationwide Class, and the California Class, the "Classes").

26. Excluded from the Classes are the following individuals and/or entities: Defendants and their parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

27. Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

28. Plaintiff is a member of all the Classes.

29. **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiff but is likely to be ascertained by the Defendants' records. At a minimum, there likely are at least thousands of Class members.

30. **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

   a. whether Defendants' course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

   b. whether reasonable consumers would rely upon Defendants' representations about the Product and reasonably believe the Product is made in France;

   c. whether Defendants knew or should have known their representations were false or misleading;

   d. whether Defendants were unjustly enriched by retaining monies from the sale of the Products;

   e. whether certification of each Class is appropriate under Rule 23;

   f. whether Plaintiff and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

   g. the amount and nature of the relief to be awarded to the Plaintiff and the Classes, including whether Plaintiff and the Classes are entitled to punitive damages.

31. **Typicality:** Plaintiff's claims are typical of the other Class members because Plaintiff, as well as Class members, purchased the Product. Plaintiff and members of the Classes relied on the representations made by the Defendants about the Product prior to purchasing the

Product. Plaintiff and the members of each Class paid for Defendants' Product and would not have purchased it (or would have paid substantially less for them) had they known that the Defendants' representations were untrue.

32. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

33. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendants' misconduct detailed at length in this Complaint.

34. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendants.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750,** *et seq***.**
(*For the California Consumer Subclass*)

35. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

36. Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendants pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

37. The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

38. Cal. Civ. Code § 1770(a)(4) prohibits "[u]sing deceptive representations or designations of geographic origin in connection with goods or services." By labeling the Product as "Truffettes De France," Defendants have used a deceptive representation of geographic origin in connection with goods. Therefore, Defendants have violated section 1770(a)(4) of the CLRA.

39. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By labeling the Product as "Truffettes De France," Defendants have represented and continues to represent that the Product has characteristics (i.e., are made in France) that it does not have. Therefore, Defendants have violated section 1770(a)(5) of the CLRA.

40. Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By labeling the Product as "Truffettes De France," Defendants have represented and continue to represent that the Product is of a particular standard (i.e., made in France) that it does not meet. Therefore, Defendants have violated section 1770(a)(7) of the CLRA.

41. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By labeling the Product as "Truffettes De France," Defendants have advertised the Product with characteristics they intended not to provide to consumers. As such, Defendants have violated section 1770(a)(9) of the CLRA.

42. At all relevant times, Defendants have known or reasonably should have known that the French representations on the Product are false and deceptive, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the Product's French representations when purchasing the Product. Nonetheless, Defendants

deceptively advertise the Product as such in order to deceive consumers into believing they are premium truffles from France.

43. Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendants' misleading representations when purchasing the Product. Moreover, based on the materiality of Defendants' misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

44. Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendants because they would have paid significantly less for the Product, or would not have purchased it at all, had they known that the Product was not made in France.

45. Under Cal. Civ. Code § 1782, on September 21, 2022, Plaintiff sent a notice letter by certified mail to Defendants, notifying them of her intent to pursue a claim for damages under the CLRA (as well as other statutes) on behalf of herself and all others similarly situated, and gave Defendants an opportunity to cure, consistent with Cal. Civ. Code § 1782. More than 30 days has passed since Defendants' receipt of the notice letter, yet Defendants have not cured their deceptive conduct. As such, Plaintiff seeks damages under the CLRA, as well as injunctive relief and all other available remedies.

46. Attached hereto is a venue declaration executed by Plaintiff pursuant to Cal. Civ. Code 1780(d).

**SECOND CLAIM FOR RELIEF**
**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500**, *et seq*
(*For the California Class*)

47. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.

49. The FAL makes it "unlawful for any person to make or disseminate or cause to be

made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

50. Defendants have represented and continue to represent to the public, including Plaintiff and members of the proposed California Class, through their deceptive labeling, that the Product is made in France. Because Defendants have disseminated false and misleading information regarding the Product, and Defendants know, knew, or should have known through the exercise of reasonable care that the representations were and continue to be false and misleading, Defendants have violated the FAL.

51. As a result of Defendants' false advertising, Defendants have and continue to unlawfully obtain money from Plaintiff and members of the California Class. Plaintiff therefore requests that the Court cause Defendants to restore this fraudulently obtained money to her and members of the proposed California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

**THIRD CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200***, et seq.*
(*For the California Class*)

52. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

53. Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

54. The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

-12-

CLASS ACTION COMPLAINT

55. Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendants' false and misleading advertising of the Product was and continues to be "unlawful" because it violates the CLRA, the FAL, and other applicable laws as described herein. As a result of Defendants' unlawful business acts and practices, Defendants have unlawfully obtained money from Plaintiff and members of the proposed California Class.

56. Under the UCL, a business act or practice is "unfair" if its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendants' conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the labeling. Deceiving unsuspecting consumers into believing the Product is a premium truffle product from France is of no benefit to consumers. Therefore, Defendants' conduct was and continues to be "unfair." As a result of Defendants' unfair business acts and practices, Defendants have and continue to unfairly obtain money from Plaintiff and members of the proposed California Class.

57. Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendants' conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Product is made in France when it is not. Because Defendants misled Plaintiff and members of the California Class, Defendants' conduct was "fraudulent." As a result of Defendants' fraudulent business acts and practices, Defendants have and continue to fraudulently obtain money from Plaintiff and members of the California Class.

58. Plaintiff requests that the Court cause Defendants to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed California Class, to disgorge the profits Defendants made on these transactions, and to enjoin Defendants from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed California Class may be irreparably harmed and/or denied an effective and complete remedy.

-13-

CLASS ACTION COMPLAINT

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**Cal. Com. Code § 2313**
(*For the California Class*)

59. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

60. Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendants.

61. California's express warranty statutes provide that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

62. Defendants have expressly warranted on the Product's front labeling that the Product is made in France. However, as alleged herein, these express representations are false and misleading because the Product is not made in France.

63. Defendants' "Truffettes de France" representation on the Product's front label is: (a) an affirmation of fact or promise made by Defendants to consumers that the Product is made in France; (b) became part of the basis of the bargain to purchase the Product when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Product would conform to the affirmation of fact or promise. In the alternative, the representation is a description of goods which was made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the product description.

64. Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Product did in fact conform to those warranties.

65. Defendants have breached the express warranties made to Plaintiff and members of the California Class because the Product is not made in France, as promised.

66. Plaintiff and members of the California Class paid a premium price for the Product but did not obtain the full value of the Product as represented. If Plaintiff and members of the California Class had known of the true nature of the Product, they would not have been willing to pay the premium price associated with it. As a result, Plaintiff and members of the California Class suffered injury and deserve to recover all damages afforded under the law.

67. On or around September 2022, Plaintiff discovered this breach of express warranty, and on September 21, 2022, Plaintiff sent a notice letter by certified mail to Defendants, notifying Defendants of the breach.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
**Cal. Com. Code § 2314**
(*For the California Class*)

68. Plaintiff repeat the allegations contained in paragraphs 1-34 above as if fully set forth herein.

69. Plaintiff brings this claim individually and on behalf of the members of the California Class against Defendants.

70. California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314(1).

71. California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) conform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

72. Defendants are merchants with respect to the sale of Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

73. By advertising the Product with the French representations outlined herein, Defendants made an implied promise that the Product was made in France. However, the Product has not "conformed to the promises…made on the container or label" because the Product is not from France. Plaintiff, as well as other California consumers, did not receive the goods as

-15-

CLASS ACTION COMPLAINT

impliedly warranted by Defendants to be merchantable. Therefore, the Product is not merchantable under California law and Defendants have breached their implied warranty of merchantability in regard to the Product.

74. If Plaintiff and members of the California Class had known that the Product's French representations were false and misleading, they would not have been willing to pay the premium price associated with it. Therefore, as a direct and/or indirect result of Defendants' breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

75. On or around September 2022, Plaintiff discovered this breach of implied warranty, and on September 21, 2022, Plaintiff sent a notice letter by certified mail to Defendants, notifying Defendants of the breach.

**SIXTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Nationwide Class; alternative, for the California Class*)

76. Plaintiff repeats the allegations contained in paragraphs 1-34 above as if fully set forth herein.

77. Plaintiff brings this claim individually and on behalf of the members of the proposed Nationwide Class against Defendants. Alternatively, Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendants.

78. As alleged herein, Defendants have intentionally and recklessly made misleading representations to Plaintiff and members of the Classes to induce them to purchase the Product. Plaintiff and members of the Classes have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendants through the Product's representations. Plaintiff and members of the proposed Classes have therefore been induced by Defendants' misleading and deceptive representations about the Product, and paid more money to Defendants for the Product than they otherwise would and/or should have paid.

79. Plaintiff and members of the proposed Classes have conferred a benefit upon Defendants as Defendants have retained monies paid to them by Plaintiff and members of the proposed Classes.

80. The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the proposed Classes—i.e., Plaintiff and members of the proposed Classes did not receive the full value of the benefit conferred upon Defendants. Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon them.

81. As a direct and proximate result of Defendants' unjust enrichment, Plaintiff and members of the proposed Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendants from their deceptive, misleading, and unlawful conduct as alleged herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A. Certification of this case as a class action on behalf of the proposed Classes defined above, appointment of Plaintiff as Class representative, and appointment of her counsel as Class Counsel;

B. A declaration that Defendants' actions, as described herein, violate the claims described herein;

C. An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the proposed Classes, including, *inter alia*, an order prohibiting Defendants from engaging in the unlawful act described above;

D. An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendants obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E. An award of all economic, monetary, actual, consequential, and compensatory damages caused by Defendants' conduct;

F. An award of nominal, punitive, and statutory damages;

H. An award to Plaintiff and her counsel of reasonable expenses and attorneys' fees;

I. An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J. For such further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: November 7, 2022

**TREEHOUSE LAW, LLP**

By: _____

Benjamin Heikali (SBN 307466)
Joshua Nassir (SBN 318344)
Ruhandy Glezakos (SBN 307473)
10250 Constellation Blvd., Suite 100
Los Angeles, CA 90067
Telephone: (310) 751-5948
bheikali@treehouselaw.com
jnassir@treehouselaw.com
rglezakos@treehouselaw.com

*Attorney for Plaintiff and the Putative Classes*

## Venue Declaration Pursuant to Cal. Civ. Code 1780(d)

I, Sharon James, declare as follows:

1. I am the named Plaintiff in the above-captioned action and a citizen of the State of California. I have personal knowledge of the facts set forth in this declaration, and am competent to testify to the same. The matters set forth herein are true and correct to the best of my knowledge and belief.

2. I believe that the Eastern District of California is the proper place for trial of this case because Merced County, California, the county in which I purchased the Product, is in this District.

I declare under penalty of perjury that the foregoing is true and correct, executed on 11/7/2022 in Merced, California

_____
Sharon James